**In re Leo STOLLER.**

No. 2006–1534.

United States Court of Appeals,
Federal Circuit.

Oct. 4, 2006.

Leo Stoller, pro se.

Before LOURIE, Circuit Judge,
CLEVENGER, Senior Circuit Judge, and
BRYSON, Circuit Judge.

ON MOTION

PER CURIAM.

*ORDER*

The Director of the United States Patent and Trademark Office moves to dismiss Leo Stoller's appeal for lack of jurisdiction. Stoller opposes and moves for various relief. The parties also respond to this court's order regarding appellate jurisdiction.

On July 14, 2006, the Director issued a decision sanctioning Stoller for his conduct in filing more than 1,400 extensions of time to oppose trademark applications.* The sanctions imposed included vacating recent approvals of extension requests, a two-year prohibition on filing extension requests, and a requirement that Stoller be represented by an attorney in any extension request. Stoller filed a notice of appeal with this court seeking review of the sanction decision.

The Director argues that we do not have jurisdiction over an appeal of a sanction decision by the Director. We agree. Our jurisdiction to review decisions regarding trademark cases is prescribed by 28 U.S.C. § 1295(a)(4)(B). That statute provides, in pertinent part:

> (a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—
>
> . . .
>
> (4) of an appeal from a decision of—
>
> . . .
>
> (B) the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and

---

* The Director delegated the duty to impose sanctions to the General Counsel of the United States Patent and Trademark Office. The General Counsel in turn delegated the duty to the Chief Administrative Trademark Judge.

Trademark Office or the Trademark Trial and Appeal Board with respect to applications for registration of marks and other proceedings as provided in section 21 of the Trademark Act of 1946 (15 U.S.C. § 1071)....

The referenced section of the Trademark Act provides:

(1) An applicant for registration of a mark, party to an interference proceedings, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancellation proceeding, a registrant who has filed an affidavit as provided in section 1058 of this title, or an applicant for renewal, who is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, may appeal to the United States Court of Appeals for the Federal Circuit....

15 U.S.C. § 1071(a)(1).

The decision in this case was not issued within a trademark opposition proceeding and does not otherwise fall within the statutory provisions cited above. Thus, this court does not have jurisdiction. As the Director argues, Stoller's right to direct review, if any, would be pursuant to the Administrative Procedure Act (5 U.S.C. § 701 et seq.).

Accordingly,

IT IS ORDERED THAT:

(1) The Director's motion to dismiss is granted.

(2) Stoller's motions are denied.

(3) Each side shall bear its own costs.